

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 3 1 2022

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IVORY JONES, Individually, and
as Guardian of EDWARD MOONEY, JR.                                   PLAINTIFF

vs.                          2:22-cv-152-DPM

DALE ACOSTA, INDIVIDUALLY and IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR THE CITY OF
MARIANNA, ARKANSAS                                                  DEFENDANTS

This case assigned to District Judge **Marshall**
**COMPLAINT** and to Magistrate Judge **Harris**

Comes Plaintiff, **IVORY JONES, individually and as Guardian of EDWARD MOONEY, JR.**, by and through counsel **SUTTER & GILLHAM, P.L.L.C.**; and this Complaint, she states:

## PARTIES & JURISDICTION

1.   Plaintiff is resident and citizen of Lee County, Arkansas, who brings this action individually and as Guardian of Edward Mooney, Jr.  Defendant, Dale Acosta, is a duly appointed and acting police officer, who is a policy maker for the City of Marianna, Arkansas. Acosta is sued in his individual and official capacity. Defendant, City of Marianna Arkansas, is a public entity who receives Federal funding.  Accordingly, this action is brought to redress deprivation of Mr. Mooney's rights under Title II of the Americans with Disabilities Act of 1990 & Section 504 of the Rehabilitation Act of 1973, as amended and the 4th and 14th Amendments to United States Constitution, as allowed by 42 USC 1983.  Plaintiff also brings claims under the ACRA for failure to grant Mr. Moody a prompt First Appearance within 48 hours, as allowed by the Arkansas Civil Rights Act of 1993.  Plaintiff brings individual claims for malicious prosecution and violation of Plaintiff's 4th Amendment right.

2.   Since the acts giving rise to this action arose in this Court's district, venue is proper under 28 USC 1391(b).  This Court has personal jurisdiction over the parties, as well as the subject

matter of this action under 28 USC 1331. This Court has supplemental jurisdiction over Plaintiff's state claims under 28 USC 1367. All actions taken herein were taken under the color of law.

## GENERAL ALLEGATIONS OF FACTS

3. Edward Mooney, Jr., is an individual with a disability who is substantially limited in his ability to think and concentrate. Accordingly, his mother, Plaintiff, Ivory Jones, has been appointed as his guardian.

4. Within the three (3) years preceding the filing of this Complaint, Mr. Mooney has been arrested by Defendant, Dale Acosta, for no good reason and denied a prompt probable cause hearing.

5. Dale Acosta was a police officer with the City until he resigned in August of 2022.

6. Mr. Acosta had a checkered history of violating the 4th Amendment and failing to provide prompt 1st Appearances before he was hired at Marianna, and he continued violating the state and federal Constitutions at Marianna. The City failed to screen Acosta and failed to train him and supervise him, thereby leading to the Constitutional violations alleged herein.

7. When Mr. Mooney was arrested, he was locked up in a City Jail that is completely unable to care for his mental health issues. In fact, the incarceration worsens Mooney's mental condition because it causes him to miss health care appointments.

8. Despite demand, Defendant, Dale Acosta, has intentionally failed and refused to transport Mr. Mooney for mental health treatment, as well as to transport for a prompt probable cause hearing.

9. As a direct and proximate cause of this, Mr. Mooney has been denied mental health care in violation of his 8th & 14th Amendment rights to be treated for his serious mental health condition.

10. In furtherance of his intimidation, Acosta then charged Plaintiff with speeding because she had a bad attitude.

## COUNT I

11. Plaintiff, , as guardian, realleges the foregoing as if more fully set out herein.

12. By virtue of the facts alleged herein, Mr. Mooney is substantially limited in his ability to think and concentrate and is a person with a disability, as that term is defined by Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

13. By virtue of the facts alleged herein, Defendant, Acosta, a policymaker for the Defendant, City of Marianna, has willfully refused to provide Mr. Mooney with mental health treatment or screening, upon being arrested despite clear notice that he needed mental health treatment.

14. Accordingly, by virtue of the facts alleged herein, Mr. Mooney has been denied program access, as that term is defined by 28 CFR 35.130.

15. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Mr. Mooney has suffered severe mental and emotional distress and will continue to do so in the future.

## COUNT II

16. Plaintiff, as guardian, realleges the foregoing as if more fully set out herein.

17. By virtue of the facts alleged herein, Mr. Mooney suffers from a serious health condition that is open and obvious to even lay people such Defendant, Acosta.

18. Mr. Mooney had a clearly established right to appropriate health care under the 14th Amendment as a detainee and the 8th Amendment as a convict.

19. However, Defendant, Acosta, in both his Individual and Official Capacity, made the conscious decision not to provide Mr. Mooney with mental health care even though he knew Mooney was in need of treatment.

20. As a direct and proximate cause of Defendant, Acosta's acts and omissions as alleged herein, Mr. Mooney has suffered severe mental and emotional distress and has occurred other damages in an amount to be proven at trial.

21. Defendant Acosta's actions have been so egregious so as to justify the imposition of punitive damages against him in his individual capacity.

## COUNT III

22. Plaintiff, as guardian, realleges the foregoing as if more fully set out herein.

23. By virtue of the facts alleged herein, Mr. Mooney had a clearly established right under state and federal law to a prompt 1st Appearance within 48 hours to establish probable cause.

24. Defendants failed to grant Mr. Mooney a prompt First Appearance, which caused Mr. Mooney severe mental, emotional, and physical distress. Had Mooney been granted a probable cause hearing, he would have been released and would have received appropriate treatment.

25. However, Defendant, Acosta, in both his Individual and Official Capacity, made the conscious decision not to provide Mr. Mooney with a prompt 1st Appearance, so he could continue to harass Mr. Mooney and incarcerate him.

26. Defendant Acosta's actions have been so egregious so as to justify the imposition of punitive damages against him in his individual capacity.

## COUNT IV

27. Plaintiff, individually, realleges the foregoing as if more fully set out herein.

28. By virtue of the facts alleged herein, Plaintiff had a clearly established 4th Amendment right under federal law to be free from arrest without probable cause and a 1st Amendment right to express herself on matters of public concern.

29. Acosta cited Plaintiff for speeding, but Plaintiff was not speeding. Acosta cited her for speeding because Plaintiff complained about his continued harassment of her son and herself, as well as police corruption. These complaints involved a matter of public concern.

30. The Speeding ticket was dismissed in August of 2022. So, Plaintiff sues for malicious prosecution.

31. City policy and custom allowed officers to charge citizens with a crime or seek enhanced penalties because the citizen exhibited a "BA." The letters BA were placed on the ticket to let the prosecutor know there would be enhanced punishment. This process happened over and over, thereby chilling the exercise of Plaintiff's constitutional rights.

32. Defendants charged Plaintiff with a crime because he believed her protected speech exhibited a "Bad Attitude," which caused Plaintiff severe mental, emotional, and physical distress and to incur attorney's fees

33. However, Defendant, Acosta, in both his Individual and Official Capacity, made the conscious decision to charge Plaintiff, so he could continue to harass Plaintiff and Mr. Mooney.

34. Defendant Acosta's actions have been so egregious so as to justify the imposition of punitive damages against him in his individual capacity.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **IVORY JONES, Individually and as Guardian of EDWARD MOONEY, JR.**, prays for appropriate compensatory and punitive damages, for an injunction requiring Defendant, City of Marianna, to provide persons with disabilities program access; including, but not limited to the Plaintiff, for declaratory judgment in that Defendants violated Title II of the ADA, for reasonable attorneys' fees and costs; for trial by jury; and, for all other proper relief.

Respectfully submitted,

*(signature)*

Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Attorneys for Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
310 W. Conway Street
Benton, AR 72015
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com