## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**IVORY JONES, Individually, and**
**as Guardian of EDWARD MOONEY, JR.**                    **PLAINTIFF**

**v.**                                    **No. 2:22-cv-152-DPM**

**DALE ACOSTA, Individually and in**
**His Official Capacity as Chief of**
**Police for the City of Marianna, Arkansas**            **DEFENDANT**

### PROTECTIVE ORDER

    **1.**    This Agreed Protective Order shall govern the production and exchange of confidential documents and other information produced by and among the parties through the course of this lawsuit. Such procedures shall apply from the date of entry or modification of this Order by the Court.

    **2.**    Confidential Information obtained from the Defendant by Plaintiff and Confidential Information obtained from Plaintiff by the Defendant shall be used only for the purpose of this litigation and for no other purpose, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons.

    **3.**    Confidential Information includes, without limitation:

        a. Documents, video recordings, and audio recordings, including but not limited to, personnel files, employment records, medical records containing

sensitive or confidential personal information, such as social security numbers, contact information, medical information, dates of birth, and information and other matters requested by a party now or later. It does not include anything that would be required to be disclosed under the Freedom of Information Act.

b. Any information produced by a party and declared by the party at the time of production to be Confidential Information. Materials that are designated as confidential that do not fall into one of the specific categories named in Section 3(a) should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by Bates number in a letter.

4. Except with the prior written consent of the party that provided that Confidential Information, no Confidential Information may be disclosed to any person other than Qualified Persons.

5. Qualified Persons shall include only the following:

a. The Court and its staff in this case and in any appeal therefrom;

b. The named parties in this litigation, including officers and representatives of corporate parties;

c.  Counsel of record for the parties in this case, including in-house counsel responsible for the litigation;

d.  Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

e.  Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

f.  Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing or on the record, or whom the Court direct shall have access to such information; and

g.  During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

6.     Counsel should confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the

dispute. Within thirty days after such objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

7.     The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential," and any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

8.     This Order shall remain in effect for one year after the conclusion of this litigation, including any appeal. Thereafter, the

obligations imposed shall continue, but solely as a matter of contract between the parties.  No later than three years after the conclusion of this litigation, the parties and their counsel shall destroy all confidential information, including, correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part.

9.     This Agreement contains the full, entire, final, and exclusive agreement, understanding, and stipulation between Plaintiff and Defendant.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_7 June 2023_

**PREPARED & PRESENTED BY:**

By: _____

    Luther Oneal Sutter, ARBN 95031
    Lucien R. Gillham, ARBN 99199
    Attorneys for Plaintiff, **IVORY JONES,**
    **Individually and as Guardian of**
    **EDWARD MOONEY, JR.,**
    **SUTTER & GILLHAM, P.L.L.C.**
    1501 N. Pierce, Ste.  105
    Little Rock, AR 72207
    (501) 315-1910 -  Office
    (501) 315-1916 – Facsimile
    Luther.sutterlaw@gmail.com
    Lucien.gillham@gmail.com

**APPROVED AS TO FORM:**

_____

By:   Gabrielle Gibson, Bar No. 2018113
      Post Office Box 38
      North Little Rock, AR 72115
      (501) 537-3783 - Office
      (501) 537-7258 – Facsimile
      ggibson@arml.org

- 6 -