IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

IVORY JONES, Individually, and as
Guardian of EDWARD MOONEY, JR.                          PLAINTIFF

v.                         No. 2:22-cv-152-DPM

DALE ACOSTA, Individually and in His
Official Capacity as Chief of Police for the
City of Marianna, Arkansas                              DEFENDANT

## ORDER

1. In February 2021, the Circuit Court of Phillips County, Arkansas, found Edward Mooney, Jr. incompetent.  It appointed his mother, Ivory Jones, guardian of his person and estate.  *Doc. 19-3.* Jones, however, had to accept the appointment formally by signing an "Acceptance as Guardian."  *Ibid.*  She didn't.  So the clerk never issued her letters of guardianship, the document that tells all the world she can act for Mooney.

In August 2022, Jones sued Dale Acosta, Marianna's Chief of Police, for various violations of state and federal law.  She presses some claims individually and others on behalf of her son, as his guardian.  Acosta has moved for summary judgment.  *Doc. 19.*  He argues, in part, that Jones lacks standing to sue on Mooney's behalf because she isn't his guardian.  In response, Jones has moved to substitute herself

for Mooney under Federal Rule of Civil Procedure 25. *Doc. 27.* Acosta opposes substitution.

**2.** The motion to substitute is denied without prejudice.

First, Rule 25 doesn't apply here. That rule "sets forth the substitution procedure to be followed when a party becomes incompetent *while an action is pending*." *Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010) (emphasis added); *see also Froning's, Inc. v. Johnston Feed Service, Inc.*, 568 F.2d 108, 110 (8th Cir. 1978). Mooney was declared incompetent more than a year and a half before this case began.

Second, and as Acosta correctly points out, substituting Jones for Mooney would create a new tangle. *Doc. 32 at 4.* That's because Mooney is not the real party in interest to prosecute *Jones's* separate claims. The solution involves Mooney's addition, not Jones's substitution. *See* Fed. R. Civ. P. 17(a)(3) & 21.

Last, Jones hasn't addressed the issue of Mooney's capacity. As far as the Court knows, he remains incompetent. The Court needs more information on that front. Fed. R. Civ. P. 17(c).

**3.** It's too soon to dismiss Jones's representative claims, though. That's because the guardianship issue presents a real-party-in-interest problem, not a standing problem. These are distinct concepts. *Lucas v. Lucas*, 946 F.2d 1318, 1322 n.6 (8th Cir. 1991). Rule 17(a) provides: "An action must be prosecuted in the name of the real party in interest." This rule is non-jurisdictional and can be waived. *United HealthCare*

*Corp. v. American Trade Insurance Co.*, 88 F.3d 563, 569 (8th Cir. 1996). Standing, of course, is jurisdictional and cannot be waived. The Constitution's Article III requires it.

Mooney has standing, so this Court can decide his claims. But apparently he lacks capacity, so someone else must sue for him. The narrow issue is whether Jones is that someone—not whether she has standing. *E.g.*, *Wolfe v. Gilmour Manufacturing Co.*, 143 F.3d 1122, 1126-27 (8th Cir. 1998). If Jones is Mooney's guardian, the real-party-in-interest rule is satisfied. Fed. R. Civ. P. 17(a)(1)(C). If she isn't, the Court must allow a reasonable time to cure the defect before dismissing the case. Fed. R. Civ. P. 17(a)(3).

Can Jones sue on Mooney's behalf?   On this record, no. There's been no showing that she has either formally accepted her guardianship role or received letters of guardianship. ARK. CODE ANN. § 28-65-216; *Prudential Insurance Co. of America v. Frazier*, 323 Ark. 311, 313-14, 914 S.W.2d 296, 298 (1996).   Given the appointment order, her status is in limbo at this point.

Should the Mooney claims be dismissed?   Maybe, but not yet. Acosta objected to the guardianship defect in his summary judgment papers. *Doc. 20 at 4-7.* This case has been pending for almost two years; and no one had raised a party issue until Acosta's recent motion. Jones filed the motion to substitute less than a month later.   For now, that's enough to avoid dismissal. Fed. R. Civ. P. 17(a)(3).

\*   \*   \*

Motion, *Doc. 27*, denied without prejudice. If no action is taken to cure the Rule 17 issues by 29 August 2024, the Court will dismiss the claims that Jones brought on Mooney's behalf. The motion for summary judgment, *Doc. 19*, remains pending.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____30 July 2024_____